**MISSISSIPPI EXPORT RAILROAD COMPANY, Plaintiff,**

v.

**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Defendants.**

**Civ. A. No. 3103.**

United States District Court
S. D. Mississippi, S. D.
Dec. 8, 1965.

David C. Welch, Laurel, Miss., Shea & Gardner, Washington, D. C., for plaintiff.

Thomas D. Bourdeaux, Meridian, Miss., Heiss, Day & Bennett, Cleveland, Ohio, for defendant.

DAN M. RUSSELL, District Judge.

Plaintiff, Mississippi Export Railroad Company, a railroad carrier engaged in interstate commerce, filed its action against certain defendants seeking a temporary restraining order, preliminary injunction and permanent injunction to enjoin said defendants from authorizing, inducing, causing or otherwise ordering or abetting an alleged unlawful work stoppage.

The action arose as a result of a strike on the property of the plaintiff, the strike having begun on the evening of August 12, 1965. The original complaint was filed the following day and a temporary restraining order was entered. Prior to further hearing, plaintiff dismissed as to defendants Brotherhood of Railroad Trainmen and its representative, and amended its complaint, leaving as sole defendants the Brotherhood of Locomotive Firemen and Enginemen, and its representatives, J. W. Crockrell and J. C. Brooks. The Brotherhood is an unincorporated association and is the authorized bargaining representative, for the purpose of the Railway Labor Act, of engineers and firemen employed by plaintiff, having entered into a collective bargaining agreement with plaintiff as of January 1, 1957.

For some time prior to 1963 there had been a growing discord between the railroad carriers and unions with the apparent threat of nationwide strikes and the accompanying paralysis of railroad commerce. Pursuant to Section 6 of the Railway Labor Act (45 U.S.C. § 156), a large number of railroads, on November 2, 1959, served identical notices on the Brotherhoods of proposed changes in working conditions and pay rates, one of them being the elimination of firemen on diesel locomotives. On November 16, 1959, plaintiff served a similar notice on defendant. On September 7, 1960, the labor organizations served counter-proposals on the carriers, and specifically defendant served its notice of counter-proposals on plaintiff acknowledging therein plaintiff's notice of November 16, 1959. Presidential commissions were established to resolve the issues, but despite their efforts, no solutions acceptable to the labor organizations resulted. To meet the national emergency, Congress passed a Joint Resolution, approved by the President on August 28, 1963, Public Law 88–108, 77 Stat. 132, which expressly prohibited any strike, and authorized the creation of an arbitration board to pass on two primary issues, the use of firemen on other than steam-powered locomotives, and the size and composition of train crews. The conclusions of this board, known as Award No. 282, were filed with the District Court for the District of Columbia on November 26, 1963. Following a petition to impeach the award, the said District Court upheld its validity, Brotherhood of Locomotive & Enginemen v. Chicago, Burlington and Quincy Railroad Co., 225 F.Supp. 11. The decision was affirmed by the Court of Appeals of the District of Columbia on February 20, 1964, 118 U.S.App.D.C. 100, 331 F.2d 1020. Certiorari was denied on April 27, 1964 by the U. S. Supreme Court, 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187.

Plaintiff contends that by reason of the foregoing Section 6 notices of November 16, 1959, and September 7, 1960, respectively, plaintiff and defendant became subject to the provisions of Award 282. Further that the parties hereto had adopted the joint policy of accepting national agreements with respect to other

disputes. Defendant contends that Award 282 is not applicable to the parties hereto for the reason that plaintiff served its Section 6 notice on November 16, 1959 instead of November 2, 1959, and had failed to designate the Southeastern Carriers' Conference Committee as its representative in the national handling of the disputes. In Division 700, Brotherhood of Locomotive Engineers, et al. v. National Railway Labor Arbitration Board No. 282, D.C., 224 F.Supp. 366 (1963) the Court found that the award did not apply to a carrier which served the notice of November 2, 1959, withdrew it on April 28, 1960, and was not served the labor representative's notice of September 7, 1960. In Southern Ry. Co. v. Brotherhood of Locomotive Firemen et al., 119 U.S.App.D.C. 91, 337 F.2d 127 (1964), the carrier served the union with its notice on November 2, 1959, and then withdrew same on October 17, 1960. Not only were the notices in the present action not withdrawn by either party, but in neither of the above cited cases did it appear that the carriers had designated a committee representative.

Other notices pursuant to the provisions of the Railway Labor Act were served from time to time by the defendant on plaintiff, were the subject of mediation, and both parties were notified by the mediation board that all practical methods for adjusting the disputes had been exhausted. One of these growing out of a Brotherhood notice of December 2, 1963, concerning wages, was amended by the Brotherhood under date of February 25, 1964, to include the dispute involving the carrier's insistence that agreements on the items in the notice of December 2, 1963, be contingent upon the settlement of the fireman issue based on Award 282.

It further appears that from the time Award 282 became validated, the plaintiff has consistently maintained its applicability to the parties herein, and defendant has not.

It is noteworthy that prior to and as of the date of the hearing hereon, the carrier has agreed to meet substantially all other pending demands of the defendant with respect to wages, health and welfare benefits and rule changes in line with national agreements.

Although the applicability of Award 282 is in dispute, I find that the facts in this particular case sustain its applicability to the parties herein over the use of firemen, and that a permanent injunction should be allowed against defendants as to this feature only.

A decree accordingly may be presented for entry herein in accordance with this opinion.